IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GROOMS, | ) | |
| | ) | |
| Plaintiff, | ) | No.   06 C 2211 |
| | ) | |
| v. | ) | Judge Rebecca Pallmeyer |
| | ) | |
| BARRY S. MARAM, | ) | Magistrate Judge Martin C. Ashman |
| Director, Illinois Department of | ) | |
| Healthcare and Family Services | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

In a confusing labyrinth of arguments, Defendant's Response 1) wrongly attacks Plaintiff's use of the vehicle of a motion for partial summary judgment to challenge Defendant's affirmative defenses; 2) meanders into its own unrelated and non-affirmative defenses to Plaintiff's claims; and 3) promises to produce evidence *at trial* to support its affirmative defenses. What it does not do, however, is present evidence from which a reasonable trier of fact could conclude that Defendant's affirmative defenses have been established. Defendant has offered neither legal nor factual support for his defenses-- calamities that he predicts would result in this single-plaintiff case from a ruling in Plaintiff's favor. This Court should therefore reject those defenses as a matter of law and bar any evidence offered in support thereof at trial.

1. **A Motion for Partial Summary Judgment is a Proper Vehicle for a Pretrial Challenge to Affirmative Defenses.**

Defendant contends that this Court may not entertain Plaintiff's Motion for Partial Summary Judgment because it does not seek a final "judgment," because it improperly seeks to "partition" Defendant's claims, and because Plaintiff has not yet proven his right to relief, a predicate for consideration of an affirmative defense. Defendant's arguments are without merit and evince a misunderstanding of the difference between a claim and a defense and the difference between a pleadings-based motion (motion to strike) and an evidence-based motion (motion for partial summary judgment). *See, e.g.*, *Wilson v. Sundstrand Corp.*, Nos. 99 C 6944, 99 C 6946, 2003 WL 21961359, at *5 (N.D. Ill. Aug. 18, 2003) ("Plaintiffs are seeking summary judgment on the defenses; they have not moved to strike them for inadequate pleading.").

Contrary to Defendant's assertion, a motion for partial summary judgment is widely accepted as a means of testing the legal sufficiency of affirmative defenses using summary judgment standards. *Rubin v. Islamic Republic of Iran*, 408 F. Supp. 2d 549, 552 (N.D. Ill. 2005) ("Courts in the Northern District of Illinois routinely entertain motions for partial summary judgment.") Numerous cases in the Seventh Circuit in which motions for partial summary judgment on affirmative defenses were considered. *See, e.g. Illinois School Dist. Agency v. Pacific Ins. Co., Ltd.*, 471 F.3d 714 (7th Cir. 2006); *Certain Underwriters of Lloyd's v. Gen. Accident Ins. Co.*, 909 F.2d 228 (7th Cir. 1990); *Hanania v. Loren-Maltese*, 319 F. Supp. 2d 814 (N.D. Ill. 2004). This Court has entertained such a motion. *See Mahurkar v. C.R. Bard, Inc.*, No. 01 C 8452, 2004 WL 1982531 (N.D. Ill. Sept. 7, 2004, Pallmeyer, J.). Finally, the very case relied upon by

Defendant in his "partition" argument, addressed below, recognizes that courts "routinely entertain motions for partial summary judgment seeking the dismissal of affirmative defenses." *Petroff Trucking Co., Inc. v. Environcon, Inc.*, No. 05-CV-414-WDS, 2006 WL 2938666, at *2 (S.D. Ill. Oct. 13, 2006).

Defendant argues that the Court may not enter a real "judgment" for Plaintiff based on this motion and therefore it is not properly a motion for partial summary judgment. It is true that a final judgment will not be entered, but that is also true, for example, when a court enters a partial summary judgment on liability and leaves the issue of damages for the jury. The partial summary judgment device is used to eliminate claims or defenses from the trial which, based on the undisputed material facts, are without legal merit. *Id.* at *3 ("Its purpose is to 'frame and narrow the triable issues'").

Also contrary to Defendant's assertion, Plaintiff's motion is not an untimely motion to strike. It does not challenge the sufficiency of Defendant's pleading of his affirmative defenses, but rather their evidentiary sufficiency under applicable law, and is thus properly raised by a motion for partial summary judgment after reasonable time for discovery. *Wilson*, 2003 WL 21961359, at *4 ("[P]laintiffs do not attempt to show affirmatively that these 'defenses' lack merit. Rather they essentially argue that [Defendant] cannot support any of them. A party may properly seek summary judgment by essentially throwing the ball into the court of the party with the burden of proof."). Plaintiff's Motion for Partial Summary Judgment is timely, according to the schedule set by this Court.

Nor does Plaintiff improperly seek to partition a "claim." First, the Federal Rules of Civil Procedure allow summary judgment on part of a claim. *Wilson*, 2003 WL

21961359, at *4. Further, Plaintiff's motion does not really address part of a "claim for relief." *Rubin*, 408 F. Supp. at *4. Defendant has not filed a counterclaim; he has raised affirmative defenses. These defenses seek to defeat Plaintiff's entire claim for relief. They are thus properly the subject of a motion for partial summary judgment. *Petroff*, 2006 WL 2938666, at *3 ("Although there is reasonable debate on the propriety of granting partial summary judgment on a motion that seeks to dispose of less than an entire claim, the court finds that Rule 56(d) permits the disposition of a motion for partial summary judgment on an affirmative defense.").

2. **Defendant's "Ripeness" Argument is Frivolous, and His "Integration Mandates" Discussion is Irrelevant to the Pending Motion.**

In his second argument, Defendant asserts that "Plaintiff's Motion Is Not Ripe For Adjudication By This Court." Under this heading, Defendant's brief oddly wanders into a discussion of the viability of Plaintiff's cause of action, which is not at issue in the instant motion, and asserts that Plaintiff has "abandoned" his claims under the ADA and the Rehabilitation Act by relying upon the "integration mandates" of the regulations.

First, for the reasons stated above, Plaintiff's motion is not premature. The myriad courts that have entertained motions for partial summary judgment on affirmative defenses do not hold trials on the plaintiff's claims before considering whether to grant a motion for partial summary judgment on the defenses. Rather, for the purpose of the motion only, they treat the plaintiff's claim as if it were meritorious and then move on to evaluate whether the defenses would bar the claim. *See, e.g.*, *Holden v. Balko*, 949 F. Supp. 704, 706 (S.D. Ind. 1996) ("[F]or purposes of deciding the plaintiffs' motion for summary judgment on this affirmative defense, the court will assume (as the defendants

4

assume for the purposes of pleading the defense) that plaintiffs can prove the essential elements of their . . . claims.").[1]

Defendant's contention that the motion is not "ripe" because the allegations have not been established as facts is not supported by any case law. Indeed, it is contrary to existing case law. *Wilson*, 2003 WL 21961359, at *4. ("[Defendant] argues that the motion [for partial summary judgment on affirmative defenses] is premature. It most decidedly is not.").

Defendant's "integration mandates" argument, however, *is* premature, because it goes to the Plaintiff's case-in-chief, which is not now before the Court.[2] Defendant states that the Court will have to decide "whether Plaintiff has a claim under the pertinent rules," and will have to "resolve whether the rules exceeded the authority granted by Congress." (Def's Resp. to Pl.'s Mot. 6 ). That may be so. But the Court need not decide those issues in the context of this motion, and it would be inappropriate for the Court to do so. Neither Plaintiff nor Defendant has moved for summary judgment on Plaintiff's claim, nor has Defendant moved to dismiss under Rule 12 (b)(6). The sufficiency of Plaintiff's cause of action is thus not before this Court at this time.

---

[1] This is why it was appropriate for Plaintiff's Rule 56 Statement of Material Facts Not in Dispute to recite as "facts" the filing of the Complaint and the existence of certain allegations within it. By referring to the undisputed fact that certain allegations were made, Plaintiff placed his motion on affirmative defenses within the context of his claims, so that the Court could properly address whether the defenses would defeat the claims if and when they were proven.

[2] It is also plainly wrong. Plaintiff's cause of action is clearly based upon his rights under the ADA and Rehabilitation act as those laws have been implemented and interpreted by regulation and interpreted by the courts. *See, e.g.*, *Radaszewski v. Maram*, 383 F.3d 599 (7th Cir. 2004); *Sidell v. Maram,* No. 05-1001 *(C.D. Ill. May 14, 2007); *Fisher v. Maram*, No. 06 C 4405, 2006 WL 2505833 (N.D. Ill. Aug. 28, 2006).

**3. Defendant has not Met His Burden of Demonstrating Through Evidence and Legal Analysis a Genuine Issue of Fact That is Material to the Affirmative Defenses at Issue in This Motion.**

    **a. Plaintiff Has Met Its Burden As The Moving Party**

In his Motion for Partial Summary Judgment, Plaintiff analyzed, in the light most favorable to the Defendant, the expert report that Plaintiff expects Defendant to offer in support of his affirmative defenses, on which the Defendant has the burden of proof. Plaintiff has contended that there is an absence of admissible evidence from which a reasonable trier of fact could conclude that the defenses have been established. Specifically, Plaintiff asserted in his motion that, even if the Report's factual determination regarding the number of persons who would seek additional benefits is accepted for the purpose of this motion (it is otherwise disputed), the conclusion that the State would incur massive costs if David Grooms obtains relief in this case is not supported by admissible evidence because the report did not address the impact on benefits of the federal legal requirements of cost neutrality and medical necessity, neither of which David Grooms seeks to dislodge.

    This is more than sufficient to shift the burden to Defendant to show that there is admissible evidence demonstrating a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (Rule 56 does not require moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim") (emphasis in original).[3] As Judge Kennelly stated in *Wilson*:

---

[3] Nor does offering Defendant's evidence for review and evaluation in the context of the instant motion, or treating it in the light most favorable to the non-moving party, constitute a waiver by the moving party of any objections to the admissibility or weight to be accorded the evidence at trial. Indeed, the Court is required to view the evidence in the light most favorable to the non-moving party, so the moving party is called upon to do so as well. *See, e.g.*, *Wilson v. Sundstrand Corp.*, Nos. 99 C 6944, 99 C 6946, 2003 WL

> A party may properly seek summary judgment by essentially throwing the ball into the court of the party with the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When such a motion is made, the non-moving party bearing the burden of proof on the particular issue must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts showing that there is a genuine issue for trial." *Wilson*, 2003 WL 21961359, at *4 (emphasis supplied).

Accordingly, all of Defendant's arguments that depend upon the "failures" in Plaintiff's motion miss the mark. *Id.*

Ultimately, the Court must determine whether a reasonable trier of fact could conclude that the party with the burden of proof—here, the Defendant—has presented sufficient evidence which, if believed, would, under applicable law, entitle that party to prevail on those defenses. *Id.* Defendant has failed to meet this burden.

> b. **Defendant's Has Not Proffered Affidavits or Other Admissible Evidence That, If Credited, Would Establish A Fundamental Alteration or Inequitable Burden Defense.**

This is a single-plaintiff case. David Grooms seeks a determination that the reduction of his benefits when he turned twenty-one violates the integration mandate of Americans with Disabilities Act and the Rehabilitation Act, as interpreted by the Seventh Circuit in *Radaszewski v. Maram*, 383 F.3d 599 (7th Cir. 2004). He also seeks an injunction requiring the Defendant to pay him benefits sufficient to care for him adequately in his home. Plaintiff has sought no relief for any other person, nor has Plaintiff even claimed that there are many others whose conditions and situations are sufficiently similar to his own as to require the same relief.

---

21961359, at *1 (N.D. Ill. Aug. 18, 2003) ("[I]t is not at all improper, nor is it uncommon, for a [moving party] to base a summary judgment on the [nonmoving party's] view of the evidence. Doing so does not require the [moving party] to concede the evidence's admissibility or to concede for purposes of trial the truth of any of the [nonmoving party's] contentions.").

7

Defendant, however, has claimed that providing Plaintiff with the relief he seeks will necessarily fundamentally alter the State's Medicaid program. The Menenberg Report suggests that it will do so because the State will have to lift the Service Cost Maximum (SCM) (also called the "cap") on benefits to every person who asks, at devastating cost to the State. Yet David has asked for no such thing. Moreover, even if Exceptional Care Rate caps were eliminated, and SCMs were lifted for everyone, the Menenberg Report does not support a conclusion of fundamental alteration due to cost. It does not even address the impact of applying the requirements of cost neutrality and medical necessity on his predicted flood of requests, much less demonstrate how the costs would be incurred notwithstanding required proof of medical necessity and cost neutrality.

Absent analysis of those mandatory factors, the Menenberg Report does not constitute evidence that the State will incur massive costs if David prevails, and thus does not suffice to demonstrate a genuine issue of material fact warranting a trial. Accordingly, it is incumbent upon Defendant to demonstrate that there is other admissible evidence to prove that relief to David will result in crippling massive benefit payments to others. There is no such evidence.

Defendant has offered no affidavit from any State official asserting that the State will lift, or not enforce, the SCMs of all others if David prevails (a premise of the Menenberg Report that lacks any foundation). Nor has Defendant offered an affidavit of a State official declaring either: 1) that in the absence of a cap the State will ignore the requirements of cost neutrality and medical necessity in every case *or* 2) that every recipient who seeks additional benefits will be able to establish that the services he or

8

seeks are medically necessary at a level equivalent to David's (whose condition is alleged to be complex and extreme), *and* that such increased benefits will be cost-neutral to the State when contrasted with the appropriate institutional setting for that individual. *See Radaszewski*, 383 F.3d at 602.

Moreover, because David is seeking relief based on a violation of the ADA and Rehabilitation Act, relief to him could form a basis for changes in the State's programs only to the extent that those programs currently result in benefit levels to others that are in violation of those laws. Nothing in the Defendant's evidence suggests that Defendant believes, much less has evidence to prove, that many other Medicaid recipients are being underserved at a level that violates federal anti-discrimination laws.

What Defendant has offered is, at best, a promise to come up with something at trial. He offers the Affidavit of Barbara Ginder, Bureau Chief for the Bureau of Inter-Agency Coordination, Illinois Department of Healthcare and Family Services (HFS). (Def's Resp. to Pl.'s Mot. Ex. C). Attaching a true copy of the current Persons with Disabilities Waiver, Ms. Ginder's affidavit simply states: "[I]f called to testify at trial, I am competent to testify regarding the PWD Waiver provisions, and whether any material changes in the PWD Waiver would constitute fundamental alterations of the PWD waiver." Ms. Ginder's affidavit does not even state what side she would come out on regarding fundamental alteration were she called to testify, much less set forth the substance of such testimony. The affidavit is worthless to demonstrate the existence of a material factual dispute.[4]

---

[4] Moreover, to the extent Ms. Ginder would address only how the Waiver itself would be "fundamentally altered," as suggested by Defendant's Amended Answers to Plaintiff's First Set of Interrogatories (see p. 15), this would be insufficient as a matter of law to constitute an affirmative defense. As Judge McDade opined in *Sidell v. Maram*, No. 05-CV-01001, at *20 (C.D. Ill 2007), the State controls which boxes are

Nor do the other "evidentiary pieces" invoked but not detailed by Defendant—Mr. Werner's documents contained in Exhibits A and B and Menenberg's Rebuttal Report—demonstrate a genuine issue for trial (Def's Resp. to Pl.'s Mot. 13). Defendant does not explain how they address the fatal flaw pointed out in Plaintiff's motion—the impact of applying the requirements of cost neutrality and medical necessity on the predicted flood of claims. Nowhere in these exhibits do witnesses explain how relief to David Grooms in this single-plaintiff case, which could come only as a result of this Court having determined that David's benefit level otherwise violates his rights under the ADA and Rehabilitation Act, would require the State to abandon its program with regard to everyone else. Federal law requires the state Medicaid agency to certify that it will refuse to provide benefits that are not cost-neutral relative to the appropriate level of institutional care. Even more significant, Medicaid benefits are payable only when medically necessary. Absent a showing that payment to "all other persons" (Def's Am. Answers to Pl.'s Interrogs. at p.14) would meet these the tests of cost neutrality and medical necessity, Defendant's cost projections are completely unsubstantiated and are therefore insufficient to defeat a motion for summary judgment.[5]

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

---

checked off in the waiver application. Medicaid offers other choices right on the form. Defendant's selection of "nursing facility" as the only comparable institution, and its failure to check the "private duty nursing" box, are clearly not actions that are fundamental to the program, since other choices are offered in the Medicaid program itself.

[5] To the extent that Defendant still maintains that it is a fundamental alteration to the State's Medicaid program to have to modify its application to include hospitals as comparable institutions to the PWD waiver, this has been rejected by *Sidell* as a matter of law and should be rejected here. Of course, once the application is amended, or modified for certain individuals such as Plaintiff, Defendant would not have to "violate" the cost neutrality certification requirement because the cost of the appropriate comparable institution would easily exceed the cost of in-home nursing services. (Def's Am. Answers to Pl.'s Interrogs. 15, Ex. A).

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. The time for Defendant to do so is "now." *Wilson*, 2003 WL 21961359, at *5. Defendant has failed to make a sufficient showing as to an essential element of his defense: that the State will incur massive costs in its Medicaid program if Plaintiff were to prevail in this single-plaintiff case. Accordingly, based upon the applicable law, Plaintiff's motion for summary judgment on Affirmative Defenses 1 and 2 should be granted. *Radaszewski*, 383 F.3d at 614; *Sidell*, No. 05-CV-01001, at *24.

WHEREFORE, for the reasons stated herein and in Plaintiff's Memorandum in Support of his Motion for Partial Summary Judgment, Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses 1 and 2 should be granted.

Respectfully submitted,

/s/ Karen I. Ward_____

One of the Attorneys For Plaintiff

**EQUIP FOR EQUALITY**
Karen I. Ward
(312) 895-7330
Byron L. Mason
(312) 895-7338
20 N. Michigan Ave.
Chicago, IL  60602